UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------------------X
GARY VASPASIANO,

        Plaintiff,                                                  26 Civ.

        v.                                              <u>COMPLAINT</u>

NATIONAL RAILROAD PASSENGER CORP.,        JURY TRIAL REQUESTED

        Defendant.
-------------------------------------------------------------------X

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

1. The plaintiff is a resident of the State of Connecticut, County of New Haven, and City of Branford.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3. Prior to March 19, 2024, and at all times hereinafter mentioned, the defendant employed the plaintiff as a B&B Mechanic under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to March 19, 2024 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Humphrey Street Bridge, New Haven, Connecticut which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

**JURISDICTION AND VENUE**

6.     The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7.     This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8.     Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

**FACTS**

9.     At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10.     On March 19, 2024, the plaintiff was working as a B&B Mechanic at the direction and training of defendant, when plaintiff was removing loose concrete from the bottom of the Humphrey Street bridge with a chipping hammer, and in the process, the fitting from the air hose and chipping hammer failed and caused the air hose to swing freely and strike and injure the plaintiff.

11.     Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12.     Plaintiff's injuries include, but are not limited to, neck, both knees and left ankle, including, but not limited to, injections to the neck and left knee replacement.

**COUNT I**
**Violation of FELA**

13.     The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14.     This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

2

15.    On or about March 19, 2024, while the plaintiff, an employee of the defendant, was in the performance of his duties as a B&B Mechanic at the Humphrey Street Bridge, New Haven, Connecticut, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

a.    in failing to provide plaintiff with a reasonably safe place to work;

b.    in failing to warn;

c.    in failing to provide reasonable means to perform the work assigned, including but not limited to proper tools, materials and/or equipment;

d.    in failing to properly inspect and/or maintain tools;

e.    in failing to provide adequate space for the work assigned;

f.    in failing to implement procedures designed to minimize unreasonable risk of injury;

g.    in failing to provide reasonable protection at plaintiff's work area;

h.    in failing to inspect plaintiff's work area;

i.    in failing to train its employees;

j.    in failing to supervise its employees;

k.    in failing to ensure that its employees had sufficient knowledge to perform the task assigned;

l.    in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16.    The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17.    The plaintiff was damaged thereby in a sum in excess of $200,000.00.

3

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted,

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com

4